UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | S1 22 Cr. 212 (JGK) |
| MICHAEL MESSINA, NICHOLAS CALISI, RALPH BALSAMO, JOHN CAMPANELLA, MICHAEL POLI, and THOMAS POLI, *Defendants*. | |

Upon the application of the United States of America, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's Disclosure Material, referred to herein as "Sensitive Disclosure Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and

whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

4. Disclosure Material that is not Sensitive Disclosure Material may be disclosed by the defense to personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action. Disclosure Material that is not Sensitive Disclosure Material may also be shown to prospective witnesses for purposes of defending this action; however, prospective witnesses shall not retain copies of any Disclosure Material.

5. Sensitive Disclosure Material must be kept in the possession of defense counsel at all times. While Sensitive Disclosure Material may be shown to the defendants in the presence of counsel, no copies of Sensitive Disclosure Material may be retained by the defendants.

6. The Government may authorize, in writing, disclosure of Disclosure Material and Sensitive Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, the defense shall confer with the Government prior to publicly filing any Sensitive Disclosure Material, so that the parties may discuss whether any or all of that Material should be filed under seal. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI. Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain Disclosure Material ("the seized ESI Disclosure Material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI Disclosure Material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI Disclosure Material except as otherwise set forth under this Order.

9. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, Sensitive Disclosure Material, and ESI Disclosure Material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any

3

motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If Disclosure Material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

10. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material or ESI Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

11. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:
Dated: New York, New York
       May 13, 2022

_____
THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

*[Handwritten note:] If the parties cannot agree to the designation of any materials as Disclosure Material or Sensitive Disclosure Materials, the parties have the right to bring such disputes to the attention of the Court. So ordered.*

*5/13/22*  *J.G. Koeltl  U.S.D.J.*

4